This is a motion for an interlocutory injunction. The matter originated with a petition addressed to the Appellate Division. In his petition the plaintiff seeks a declaratory judgment declaring void certain of the regulations of the defendant board; adjudging that the statute under which the defendant board functions, R.S. 45:7, is unconstitutional; and restraining the defendant from enforcing its rules and regulations. On May 27, 1949, the Appellate Division granted an order to show cause with a temporary restraint. On June 13, 1949, the cause was transferred to this division and on June 24, 1949, the motion for an interlocutory injunction pending final hearing was argued.
From the affidavits filed in connection with the motion it appears that for some years one Peter Nazare had conducted a business as funeral director and embalmer in the Borough of Lyndhurst, in Bergen County, under the name of Nazare Memorial Funeral Home. Peter Nazare died in September, 1944, and his brother Joseph J. Nazare sought permission from the State Board of Embalmers and Funeral Directors to continue the business. On November 1, 1944, the Board granted permission to the plaintiff to operate the business for one year under the management of a licensed embalmer and funeral director. The permit was issued under the provisions of R.S. 45:7-17 which authorizes the Board to permit the continuance of the business of a deceased licensee for the benefit of his estate for a limited period to be determined by the Board. On October 5, 1945, the Board extended the permit without fixing a date upon which the operation *Page 569 
should cease. On December 10, 1946, the Board again communicated with Nazare. It called his attention to the fact that the permission for the continued operation of the business following the death of Peter Nazare had been granted upon the understanding that Joseph Nazare would qualify for a license. The letter concluded with a warning that the business could not continue if Nazare failed to obtain a license. Nazare took no steps to secure a license and on April 12, 1948, the Board directed him to discontinue the use of the name Nazare in connection with the business. That order was issued under the authority of R.S.
45:7-15, which forbids the use of the name of an unlicensed person in connection with the operation of a business of funeral directing and embalming. On February 10, 1949, the Board again wrote to Nazare. He was informed that the business would be ordered closed unless he applied for a license and took the necessary examinations in April. Nazare ignored the communication and on April 1, 1949, the business was ordered discontinued as of May 1, 1949. At the same time one Vaxmonsky, the licensed manager, was informed of the Board's action and directed to sever his connection with Nazare. Vaxmonsky thereupon resigned. Nazare then hired another licensee Henry J. Gentzel. On May 20, 1949, Gentzel was notified to appear before the Board to show cause why his license should not be revoked because of his association with Nazare. This proceeding was then commenced.
The only matter presently before me is the application for an interlocutory injunction. In my opinion the plaintiff has failed to establish his right to such relief. It is elementary that one who seeks the drastic remedy of injunction must not only present a clear case entitling him to relief but he must move with dispatch to secure it. Nazare has at all times been aware of the provisions of the law of which he now complains. Since 1946 he has on several occasions been warned of the consequences of a failure on his part to obtain the license required by the statute. He did not qualify for a license. Nor did he promptly move for court aid in preventing what he conceived to be an invasion of his constitutional *Page 570 
rights. Rather he chose to gamble on the continued forbearance of the defendant Board. When the patience of the Board was exhausted and it set in motion the statutory machinery for closing his business, Nazare applied to this court for relief. His cry of irreparable damage comes too late. It should have been uttered several years ago. The motion for an interlocutory injunction will be denied.
I would like to discuss with counsel the possibility of submitting the matter for final determination without the necessity of a final hearing. It does not seem likely that there will be any dispute as to facts. And the additions to the record could be made by stipulation.