J-S54035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HOWARD EUGENE STEWART, III | |
| Appellant | No. 9 MDA 2014 |

Appeal from the Judgment of Sentence entered November 25, 2013
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0000380-2011

BEFORE: LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 22, 2014**

Howard Eugene Stewart, III, appeals from the judgment of sentence entered following his convictions of firearms and drug-possession crimes, and driving without a license. Counsel for Appellant has filed a brief under ***Anders v. California***, 386 U.S. 738 (1967), and petitioned to withdraw as counsel, alleging that this appeal is wholly frivolous. We affirm and grant the petition to withdraw.

On December 11, 2011, Corporal Michael Georgiou of the York Area Regional Police Department was on routine patrol on the overnight shift. At around 2:00 a.m. in York Township, he observed a blue Mercury Grand Marquis pull away from him. Using the Visual Average Speed Computer And Recorder (VASCAR) in his car, Corporal Georgiou determined that the Grand Marquis was travelling 48 mph in a 35 mph zone. He also noticed that one

of the car's brake lights was burnt out. Finally, after checking the registration, Corporal Georgiou found that the Grand Marquis was registered to Appellant, who did not have a valid driver's license.

Corporal Georgiou stopped the vehicle and approached the driver to ask for his license and registration. He smelled processed marijuana[1] inside the vehicle. After checking the driver's state ID card and registration using the computer in his patrol cruiser, Corporal Georgiou determined that the driver was Appellant. He returned to the car and informed Appellant that his car was going to be towed and impounded, pursuant to standard procedure, since Appellant did not have a driver's license.

Corporal Georgiou told Appellant that he smelled marijuana and asked for consent to search the vehicle. Appellant claimed that he bought the Grand Marquis at an auto auction in Maryland and said nothing was inside. He consented to the search nonetheless. Corporal Georgiou asked Appellant if he had anything on him that he should not have. Appellant pulled a large wad of cash out of his pocket, and Corporal Georgiou performed a pat-down of Appellant. Notably, the pat-down occurred after Appellant consented to a

---

[1] At the suppression hearing, Corporal Georgiou explained that processed marijuana is marijuana that has been heated, dried, broken up, and packaged for smoking. N.T. Suppression, 4/26/11, at 7. Based on his experience, Corporal Georgiou testified that the smell of processed marijuana is "significantly different than that of marijuana that is straight off the plant." *Id.*

search of his car. In Appellant's sock, Corporal Georgiou found a bag of marijuana. Corporal Georgiou counted the cash, $1,446.00, and then placed Appellant in custody. He searched the car prior to its impoundment, and found a firearm in the trunk. At the suppression hearing, Corporal Georgiou explained that he searched the vehicle pursuant to Appellant's consent, and that at any rate the vehicle would be impounded and the contents inventoried. N.T. Suppression, 4/26/11, at 11-12.

Appellant was charged with persons not to possess firearms, possession of a small amount of marijuana, firearms not to be carried without license, possession of drug paraphernalia, and driving without a license.[2] Appellant moved to suppress all evidence obtained from the traffic stop, which the trial court denied. He later pleaded guilty, but successfully withdrew his guilty plea. After a jury trial, Appellant was found guilty on all counts and sentenced to an aggregate of five to ten years in prison. On December 24, 2013, Appellant filed this appeal.

Counsel has directed this Court's attention to the denial of Appellant's motion to suppress as a possibly meritorious issue. Appellant challenges the frisk of his person and the search of his car.

_____

[2] 18 Pa.C.S.A. § 6105(a)(1), 35 P.S. § 780-113(a)(31), 18 Pa.C.S.A. § 6106(a)(1), 35 P.S. § 780-113(a)(32), and 75 Pa.C.S.A. § 1501(a), respectively.

Before we consider the merits, we must address whether counsel has complied with the requirements to withdraw from representation under *Anders*. *See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

To withdraw under *Anders*/*Santiago*, counsel must (1) petition this Court for leave to withdraw after certifying that a thorough review of the record indicates the appeal is frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) give the appellant a copy of the brief and advise the appellant of the right to obtain new counsel or file a *pro se* brief to raise any additional points for review. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005). Additionally, the *Anders*/*Santiago* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We find that counsel has complied with *Anders* and *Santiago*. Counsel has petitioned for leave to withdraw, filed a brief that refers us to anything that might support the appeal, and informed Appellant of his right

to hire a new lawyer or file a *pro se* response.[3]  Furthermore, counsel's brief

meets **Santiago**'s substantive requirements listed above.

We now turn to the issue raised in the **Anders** Brief: whether the trial

court should have granted Appellant's motion to suppress.

> When reviewing the denial of a motion to suppress, we must consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.[4]  We are bound by the suppression court's findings if they are supported by the record. Factual findings wholly lacking in evidence, however, may be rejected.  We may only reverse the suppression court if the legal conclusions drawn from the findings are in error.

**Commonwealth v. Gatlos**, 76 A.2d 44, 52 (Pa. Super. 2013) (internal

quotations and citations omitted).

Under our State and federal constitutions, warrantless searches are

presumptively unreasonable.  **See, e.g., Commonwealth v. Stewart**, 56

A.3d 424, 438 (Pa. Super. 2012).  However, several well-delineated

exceptions to the warrant requirement exist, and several come into play in

this case.

---

[3] Appellant has not filed a response.

[4] For cases in which the suppression hearing occurs after October 30, 2013, the scope of review of a suppression order encompasses only the record adduced at the suppression hearing.  **In the Interest of L.J.**, 79 A.3d 1073, 1088-89 (Pa. 2013).  We may examine the entire record here, because the suppression hearing occurred in 2011.

The first is a "**Terry**[5] frisk." A police officer may perform an investigative detention upon reasonable suspicion that criminal activity is afoot. **Commonwealth v. E.M.**, 735 A.2d 654, 659 (Pa. 1999). "If, during the course of a valid investigatory stop, an officer observes unusual and suspicious conduct on the part of the individual which leads him to reasonably believe that the suspect may be armed and dangerous, the officer may conduct a pat-down of the suspect's outer garments for weapons." **Id.**

Second, police may search incident to arrest a person after lawfully arresting him. **Commonwealth v. Ventura**, 975 A.2d 1128, 1139 (Pa. Super. 2009) (quoting **Commonwealth v. Trenge**, 451 A.2d 701, 710 (Pa. Super. 1982)). Unlike a **Terry** frisk, a search incident to arrest requires no suspicion, but rather is automatic if the suspect is lawfully arrested. **Id.**

Third, police may search a place upon voluntary consent. **See Commonwealth v. Smith**, 77 A.3d 562, 568 (Pa. 2013). A person's consent to search is valid if, under the totality of the circumstances, it is "the product of an essentially free and unconstrained choice and not the result of coercion or duress." **Id.** (internal quotation omitted).

Fourth, police need only probable cause to search an automobile. For ease of discussion, we fully address the automobile exception, **infra**.

---

[5] **Terry v. Ohio**, 392 U.S. 1 (1968).

Finally, though not an exception to the warrant requirement, the inevitable discovery doctrine applies where police unlawfully seize evidence, but they would have discovered the evidence lawfully. ***Commonwealth v. Gonzalez***, 979 A.2d 879, 890 (Pa. Super. 2009). For the doctrine to apply, the inevitable discovery must be "sufficiently purged of the original illegality." ***Id.*** (quotation omitted).

Appellant's counsel contends the suppression issue is frivolous based on a combination of inevitable discovery and the retroactive effect of our Supreme Court's adoption of the federal automobile exception in ***Commonwealth v. Gary***, 91 A.3d 102 (Pa. 2014). We agree.

In ***Gary***, our Supreme Court adopted the federal automobile exception, under which police need only probable cause to search an automobile. ***Gary***, 91 A.3d at 104 (Opinion Announcing the Judgment of the Court (OAJC)).[6] Prior to ***Gary***, Pennsylvania had utilized a more limited automobile exception, which required proof of exigent circumstances to search an automobile without a warrant. ***Id.*** at 112-24 (discussing the history of Pennsylvania's limited automobile exception).

_____

[6] The lead opinion in ***Gary*** is an OAJC representing the views of three members of a six-justice court. OAJCs are generally non-binding plurality decisions. ***See Commonwealth v. Brown***, 23 A.3d 544, 555 (Pa. 2011). The result in ***Gary***, however, is precedential, because of the nature of Justice Saylor's concurring opinion. ***Gary***, 91 A.3d at 138-39 (Saylor, J., concurring) ("I join the lead Justices in adopting the federal automobile exception.").

*Gary* was decided on April 29, 2014, and Appellant's suppression hearing occurred over three years prior. Appellant's counsel states that *Gary* applies retroactively, because courts follow the law in effect at the time of the appellate decision. *Anders* Brief at 10 (citing *Commonwealth v. Cabeza*, 469 A.2d 146 (Pa. 1983)).

At common law, a decision of our Supreme Court is generally retroactive to all decisions pending on direct appeal at the time of announcement. *Cabeza*, 469 A.2d at 148. Retroactive application, however, is not automatic, and is a matter of judicial discretion. *Blackwell v. State Ethics Comm'n*, 589 A.2d 1094, 1099 (Pa. 1991). No court has explicitly addressed *Gary*'s retroactivity, but both this Court and the Supreme Court have assumed that it applies retroactively. In *Commonwealth v. Hudson*, 92 A.3d 1235, 1241-43 & n.5 (Pa. Super. 2014), a panel of this Court assumed that *Gary* applied to the Commonwealth's appeal from an order suppressing evidence, but ultimately held that police lacked probable cause to search the defendant's vehicle. In *Commonwealth v. Dunn*, 95 A.3d 272, 273 (Pa. 2014) (*per curiam*), our Supreme Court granted allowance of appeal, vacated a decision of this Court, and remanded for reconsideration in light of *Gary*. If *Gary* applied prospectively only, there would be no need to order this Court to reconsider a decision applying the now-superseded limited automobile exception. Therefore, we agree with Appellant's counsel that *Gary* applies retroactively to this case.

As an initial matter, no party contests the legality of the traffic stop. Corporal Georgiou had probable cause of several violations of the Vehicle Code: speeding and a burnt-out taillight or brake light. There is also no question that, once he approached the vehicle, Corporal Georgiou had probable cause that Appellant had committed a crime—possession of marijuana based on the smell emanating from the car. The smell of marijuana provided probable cause to arrest Appellant—the only occupant of the car—and search the vehicle. *See Commonwealth v. Stoner*, 344 A.2d 633, 635 (Pa. Super. 1975) (holding that the smell of marijuana provides probable cause to search); *see also Gary*, 91 A.3d at 104-05, 138 (noting that the smell marijuana emanating from inside the vehicle provided undisputed probable cause to search).

Once he smelled marijuana, Corporal Georgiou had probable cause to arrest Appellant. During a search incident to arrest, he would have discovered the marijuana in Appellant's sock. Even if the *Terry* frisk was unlawful[7] the marijuana discovered in Appellant's sock would have been

_____

[7] Corporal Georgiou performed the pat-down immediately after Appellant took the wad of cash out of his pocket, and did not handcuff or restrain Appellant until after counting the money. Although the traffic stop occurred at night and Corporal Georgiou did not have a partner, the Commonwealth presented no evidence that Corporal Georgiou suspected Appellant to be armed and dangerous. *See also* Trial Court Rule 1925(a) Opinion, 3/18/14, at 2 ("In this case, [Appellant] is correct that there was no articulable suspicion that [Appellant] was armed and dangerous under the circumstances.").

inevitably discovered during a search incident to a lawful arrest based on probable cause that Appellant was in possession of marijuana.

Moreover, Appellant consented to a search of his vehicle, and the smell of marijuana emanating from the car provided probable cause to search. *Gary*, 91 A.3d at 104-05; *Stoner*, 344 A.2d at 635. Even if, for argument's sake, Appellant's consent was invalid—an argument Appellant did not raise in his concise statement— Corporal Georgiou could search the car under the automobile exception. Therefore, no non-frivolous argument exists to challenge the seizure of the gun in the trunk of Appellant's car.[8]

We have conducted a thorough review of the record. We discern no non-frivolous arguments that could be raised on appeal. Appellant's counsel has complied with the applicable procedural and substantive requirements necessary to withdraw as counsel. Hence, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Lazarus joins this memorandum.

Judge Mundy concurs in the result.

_____

[8] The trial court ruled that the vehicle search was valid as either a consent search or as an inventory search. N.T. Suppression, 4/26/11 , at 54 ("I do think the consent was voluntarily given. I think that in any even an inventory search would have discovered the evidence."); *see also* Trial Court Rule 1925(a) Opinion, 3/18/14, at 3-6. Because Appellant gave valid consent to search the car, we need not address whether the search was proper *qua* inventory search.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2014