J-A04032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ZACHARY HOSSEIN AFSHAR, | : | |
| | : | |
| Appellant | : | No. 812 WDA 2014 |

Appeal from the Judgment of Sentence Entered December 20, 2013
in the Court of Common Pleas of Indiana County,
Criminal Division, at No(s): CP-32-CR-0001111-2012

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED APRIL 14, 2015**

Zachary Hossein Afshar (Appellant) appeals from the judgment of sentence imposed on December 20, 2013 following his convictions for various drug offenses.  We affirm Appellant's conviction, vacate Appellant's judgment of sentence, and remand with instructions.

The trial court summarized the relevant facts of this case as follows.

On January 11, 2012, State Probation Officer James Cutshall [was conducting a routine visit with a probationer when he] reported the odor of marijuana in the apartment building at 919 Water Street, Indiana, Pennsylvania. Patrol Officer Cory Williams of the Indiana Borough Police Department was dispatched to investigate. [Officer] Williams noted a strong odor of marijuana coming from apartment 1, just inside the entrance of the building. [Appellant] answered the door at apartment 1 when [Officer] Williams knocked. [Officer] Williams noted that the odor of marijuana was stronger when the door was opened. [Appellant] was instructed to sit in the living room while [Officer] Williams and other officers secured and cleared the area. A search warrant was then obtained. Pursuant to the search

---

*Retired Senior Judge assigned to the Superior Court.

warrant, officers recovered illegal drugs and paraphernalia from [Appellant's] apartment, including from a safe within his bedroom that had to be pried open. [Appellant] was then placed under arrest.

Trial Court Opinion, 5/17/2013, at 1-2.

Appellant filed an omnibus pre-trial motion seeking to suppress the narcotics and paraphernalia seized during the search. A hearing on Appellant's motion was held on February 14, 2013. Following the hearing, both parties submitted briefs to the trial court. On May 17, 2013, the trial court issued an order denying Appellant's motion to suppress.

On June 7, 2013, Appellant filed a motion to reconsider the suppression ruling. The trial court granted this request. On July 23, 2013, the Commonwealth requested to reopen the suppression record. This request was also granted, and on July 29, 2013, the Commonwealth supplemented the suppression record with the affidavit of probable cause and warrant obtained prior to the search of Appellant's home.[1]

This matter proceeded to a non-jury trial. On October 4, 2013, Appellant was found guilty of possession of cocaine with the intent to deliver, possession of marijuana, possession of methylenedioxypyrovalerone (commonly known as "bath salts"), possession of cocaine, and possession of drug paraphernalia. On December 20, 2013, Appellant was sentenced at count one, possession of cocaine with the intent to deliver, to a mandatory

_____

[1] The record does not indicate that there was a new ruling on Appellant's suppression motion after reconsideration was granted.

- 2 -

term of three to six years' incarceration. He received no further penalty on the other charges. Appellant was also ordered to pay a fine of $15,000 and the costs of prosecution.

On December 30, 2013, Appellant timely filed a post-sentence motion, which was denied by the trial court on April 17, 2014. This timely filed appeal followed. The trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Rule of Appellate Procedure 1925(b), and one was filed.

Appellant raises the following issues on appeal.

1. Did the trial court err in ruling that Pennsylvania law allows for the mere odor of marijuana to be the only basis for a search warrant of one's home when Pennsylvania law requires odor plus another circumstance indicating criminal activity?

2. Did the trial court abuse its discretion when it allowed the [Commonwealth] to reopen the suppression record after the suppression ruling was made and after new case law favorable to the [Appellant's] position was brought to the court's attention?

[3.] Did the trial court err when it ordered costs of prosecution to be paid without honoring a pertinent statute and precedent requiring certain due process protections?

[4.] Did the trial court err when it allowed the Department of Corrections to calculate a [Appellant's] credit for time served?

[5.] When drug weight was used to trigger a mandatory minimum without that fact being proven beyond a reasonable doubt is the sentence illegal under [*Alleyne v. United States*, 133 S.Ct. 2151 (2013)]?

Appellant's Brief at 7 (questions reordered for ease of disposition; trial court answers omitted).

Appellant's first two issues challenge the trial court's denial of his motion to suppress.

> When reviewing the denial of a motion to suppress, we must consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. We are bound by the suppression court's findings if they are supported by the record. Factual findings wholly lacking in evidence, however, may be rejected. We may only reverse the suppression court if the legal conclusions drawn from the findings are in error.

*Commonwealth v. Gatlos*, 76 A.2d 44, 52 (Pa. Super. 2013) (internal quotations and citations omitted).[2]

Instantly, Appellant contends that Officer Williams needed something more than the odor of marijuana, what he refers to throughout his brief as "odor + plus," to establish the probable cause necessary to obtain a search warrant for his apartment. Appellant's Brief at 20. We disagree.

> "Both the Fourth Amendment of the United States Constitution and Article 1 Section 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures." *Commonwealth v. Cook*, [] 735 A.2d 673, 674 ([Pa.] 1999). The Fourth Amendment to the United States Constitution provides that:

---

[2] We are mindful that our Supreme Court has held that, when reviewing a challenge to the trial court's suppression ruling, "it is inappropriate to consider trial evidence as a matter of course, because it is simply not part of the suppression record, absent a finding that such evidence was unavailable during the suppression hearing." *In re L.J.*, 79 A.3d 1073, 1085 (Pa. 2013). The Court in *L.J.* determined that this rule applies prospectively. *Id.* at 1089. As the suppression hearing in the case at bar occurred prior to the decision in *L.J.*, it is inapplicable, and we adhere to the scope of review as stated above.

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const.Amend. IV. The Pennsylvania Constitution provides:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. Art. I, § 8.

***Commonwealth v. Ayala***, 791 A.2d 1202, 1207 (Pa. Super. 2002).

> The standard for evaluating whether probable cause exists for the issuance of a search warrant is the totality of the circumstances test as set forth in ***Illinois v. Gates****,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and adopted by the [Pennsylvania] Supreme Court in ***Commonwealth v. Gray****,* 509 Pa. 476, 484, 503 A.2d 921, 925 (1985). A magistrate is to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

In reviewing the validity of a search warrant, the reviewing court is limited to determining whether there is substantial evidence supporting the issuing authority's decision to approve the warrant.

*Commonwealth v. Hawkins*, 45 A.3d 1123, 1127 (Pa. Super. 2012) (some citations and quotations omitted).

Contrary to Appellant's assertions, while more than the odor of marijuana is necessary for a **warrantless** search, odor alone may form the basis for the issuance of a search warrant. As this Court acknowledged in *Commonwealth v. Stoner*, 344 A.2d 633 (Pa. Super. 1975), where an officer is lawfully in a particular location, his detection of the odor of marijuana is sufficient to establish probable cause. *See also Commonwealth v. Stainbrook*, 471 A.2d 1223, 1225 (Pa. Super. 1984); *Commonwealth v. Trenge*, 451 A.2d 701 (Pa. Super. 1982).

As the trial court aptly noted,

> […] only that odors alone do not authorize a search without a warrant. If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed, it might very well be found to be evidence of the most persuasive character.

[] *Trenge*, 451 A.2d at 706 (*quoting Johnson v. United States*, 333 U.S. at 13)). The reasoning behind permitting a warrant to be issued for odor alone when it would be inappropriate to conduct a warrantless search involves the following:

> The point of the Fourth Amendment is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached

> magistrate instead of being- judged by the officer engaged in the often competitive enterprise of ferreting out crime.

*Johnson v. United States*, 333 U.S. at 13-14.

Trial Court Opinion, 5/17/2013, at 4.

Instantly, there is no dispute that Officer Williams detected the odor of marijuana in a public area of Appellant's apartment building, and that the odor grew stronger once Appellant opened the door to his apartment. Officer Williams' familiarity with the smell of burning marijuana, coupled with the probation officer's detection of the same in a location where both officers were authorized to be, provided the issuing authority with a substantial basis upon which he could issue a warrant.[3]  *See Commonwealth v. Johnson*, 68 A.3d 930, 936 (Pa. Super. 2013) quoting *Commonwealth v. Waddell*, 61 A.3d 198 (Pa. Super. 2012) ("[O]nce the odor of marijuana was detected emanating from the residence, the threshold necessary to establish probable cause to obtain a search warrant was met"). Accordingly, because the warrant issued herein was supported by sufficient probable cause, we conclude the trial court did not err in denying Appellant's motion to suppress.

---

[3] The affidavit of probable cause authored by Officer Williams only included these facts. We agree with the trial court that the warrant is not tainted by any observations made during the officer's illegal warrantless entry into Appellant's apartment. *See* Trial Court Opinion, 5/17/2013, at 3 ("Indeed, in seeking the warrant, the only basis was the odor of burnt marijuana. Thus the search warrant was obtained from the magistrate without utilizing fruit of the warrantless entry.").

Next, Appellant takes issue with the trial court's decision to permit the Commonwealth to present the testimony of Officer Williams at the suppression hearing as a substitute for the actual warrant and affidavit of probable cause. Appellant's Brief at 23-39. Appellant contends that, because the Commonwealth failed to enter the warrant and attached affidavit into evidence at the time of the suppression hearing, the trial court erred in denying suppression, particularly in light of our Supreme Court's recent decision in **Commonwealth v. James**, 69 A.3d 180 (Pa. 2013). Appellant's Brief at 31-33.

In **James**, our Supreme Court outlined the parties' respective burdens during a suppression hearing. The Court concluded that, pursuant to Rule of Criminal Procedure 203(D), a suppression court reviewing a defendant's "generic, global challenge" to the sufficiency of an affidavit of probable cause is limited to consideration of information contained within the four-corners of the affidavit. **James**, 69 A.3d at 187-90. By contrast, where a defendant challenges specific omissions and ambiguities within the affidavit, extrinsic evidence and witness testimony is permitted to resolve such deficiencies. **Id.** Herein, Appellant argues that, because he presented a global challenge to the sufficiency of the affidavit, the trial court erred in permitting Officer Wilson's testimony and the Commonwealth, which did not admit the affidavit itself as evidence at the suppression hearing, failed to meet its burden of proof. We disagree.

Contrary to Appellant's assertion that **any** testimony is precluded where a challenge to a warrant is "global," in **James**, our Supreme Court recognized the value of cross-examination as a safeguard to "test the truthfulness of the recitals of the warrant." **Id.** at 187-88.

> The burden is on the Commonwealth to establish the validity of the search warrant and the burden is not carried by merely introducing the search warrant and affidavit with no *supporting testimony* because then the only way for the defendant to challenge the veracity of the information is to call witnesses himself and this effectively shifts onto him the burden of disproving the veracity of the information, an almost impossible burden. If the procedure followed by the Commonwealth in this case were upheld then policemen could recite in an affidavit as probable cause for the issuance of a search warrant any and all statements which they felt were of help in obtaining the warrant, irrespective of the truth or veracity of those statements, their legality or illegality, or constitutionality or unconstitutionality, realizing that such statements would be insulated from defendant's right of cross-examination since the Commonwealth did not have to call witnesses who would be subject to cross-examination to establish the facts necessary to support the issuance of the search warrant. Therefore, we must hold that the Commonwealth failed to carry its burden of proof at the suppression hearing. To rule otherwise would permit police in every case to exaggerate or to expand on the facts given to the issuing authority merely for the purpose of meeting the probable cause requirement, thus precluding an objective determination of whether probable cause for the warrant existed.
>
> [**Commonwealth v.**] **(William) Ryan**, [407 A.2d 1345, 1348 (Pa. Super. 1979)] (citations omitted) (emphasis added). Significantly, the [Superior C]ourt rejected the Commonwealth's assertion that Pa.R.Crim.P. 2003(b), the predecessor to Rule

203, only required submission of the affidavit to meet the burden of proof at the hearing:

> The rule stands for the proposition that only evidence as set forth in the affidavit can be considered in determining *whether or not the issuing authority had probable cause to issue the warrant. It does not mean that only the affidavit, i.e. the physical document itself, can be admitted into evidence.* As discussed above the mere introduction of the physical document is *not* sufficient to sustain the Commonwealth's burden of proof because the document does not lend itself to cross-examination which is the defendant's right. **Commonwealth v. Hall**, [302 A.2d 342 (Pa. 1973)]. *While the court could not venture outside the four corners of the affidavit in deciding whether probable cause existed, it is still the Commonwealth's burden to prove the validity of the statements contained in the affidavit and this can only be done by real, live witnesses who are subject to cross-examination* by the defendant. **Id.** (emphasis added).

**James**, 69 A.3d at 188-89 (emphasis in original).

Instantly, Officer Williams' testimony was limited to the four-corners of the affidavit and afforded Appellant the opportunity to cross-examine the veracity of the statements contained within the affidavit. Accordingly, we find no error in the trial court permitting Officer Williams' testimony.

Moreover, as it is permissible for the suppression court to reopen the record to receive omitted evidence, we find no error in the trial court's decision to reopen the record herein to allow the Commonwealth to admit a search warrant and affidavit it failed to move into evidence at the suppression hearing. Appellant's argument to the contrary is unavailing.

The Commonwealth admitted that its failure to move the affidavit and accompanying search warrant into evidence was inadvertent. The documents were attached to Appellant's pre-trial motion, were referenced at the suppression hearing by defense counsel, and formed the basis of the Commonwealth's evidence presented during the hearing. Based on the foregoing, Appellant is not entitled to relief. *See Commonwealth v. Ferguson*, 231 A.2d 327 (Pa. Super. 1974) (holding, *inter alia*, that where a warrant was relied upon by the Commonwealth during the suppression hearing and made available to the court and defense counsel, but inadvertently excluded from the record, the interests of justice permit the record to be reopened to admit the missing document).

Appellant's final three issues pose various challenges to the legality of his sentence. We address those claims mindful of the following. "Issues relating to the legality of sentence are questions of law, and thus, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Clarke*, 70 A.3d 1281, 1284 (Pa. Super. 2013) (citation omitted).

In his third issue, Appellant claims that his sentence is illegal because the court ordered Appellant to pay court costs without requiring the Commonwealth to provide an accounting of those costs. Appellant's Brief at 45-50.

> All necessary expenses incurred by the district attorney or his assistants or any office directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

16 Pa.C.S. § 1403.

Specifically, Appellant takes issue with two entries on the itemized list of court costs entitled "District Attorney Costs (Indiana)" which total $233.55. Appellant's Brief at 49. The certified record does not contain any invoices associated with these entries; however, in its brief, the Commonwealth avers that the charges correspond to fees incurred following transcript requests by Appellant's first attorney. Commonwealth's Brief at 17 n. 7. Indeed, two entries, dated December 20, 2012 and February 20, 2013, entitled "Reimbursement District Attorney" appear in the certified docket prior to trial in this matter. Nonetheless, we are constrained to agree with Appellant that these notations, without more, are insufficient to carry the Commonwealth's burden. Accordingly, we remand for a new hearing on the bill of costs attributable to the Commonwealth.[4]

---

[4] Because Appellant takes issue only with the costs payable to the Commonwealth, we direct that the hearing should be limited to testimony regarding those charges.

In his fourth issue, Appellant argues that the trial court "abrogated its judicial function" by allowing the Department of Corrections (DOC) to calculate Appellant's credit time. Appellant's Brief at 50. We disagree with Appellant's characterization of the error herein, but nonetheless remand for a proper calculation of Appellant's credit time in light of the following.

Section 9760 of the Sentencing Code provides, in relevant part, as follows.

[T]he court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

It is undisputed that Appellant is entitled to credit for time served. Specifically, he requests eight days of credit time, from January 11, 2012 to January 18, 2012, accrued between when he was arrested for this incident until his first preliminary hearing. Trial Court Opinion, 4/17/2014, at 6. At sentencing, the trial court indicated it agreed with Appellant's calculation of applicable credit time. N.T., 12/20/2013, at 10-11. To this end, in its sentencing order, the trial court granted Appellant "[c]redit for time served as allowed by law." Sentencing Order, 12/20/2013. However, the DC-300(B) court commitment form submitted to the DOC after Appellant's

- 13 -

sentencing indicates that Appellant has no applicable credit time. "[T]he Department of Corrections, an executive agency, has no power to change sentences, or to add or remove sentencing conditions, including credit for time served; this power is vested with the sentencing court." *Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014) (citation omitted).

> 42 Pa.C.S. § 5505, provides for modification of orders as follows:
>
> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.
>
> However, "patent or obvious mistakes" in an order may be modified beyond the thirty-day modification period. An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction.

*Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014) (citations omitted).

Based on our review of the record, we conclude that the omission of eight days of credit time from the DC-300(B) court commitment form constituted a patent and obvious error that was amenable to correction by the trial court. Accordingly, we vacate Appellant's sentencing order and remand for modification of the applicable credit time.

Finally, the parties and the trial court agree that the mandatory minimum sentence imposed pursuant to 18 Pa.C.S. § 7508(a)(3) is illegal and must be vacated. Appellant's Brief at 41-45; Commonwealth's Brief at 16; Trial Court Opinion, 7/8/2014, at 3. We agree. *See Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014) (holding that section 7508 was facially unconstitutional in its entirety in light of the United States Supreme Court's holding in *Alleyne*). Accordingly, we vacate Appellant's sentence and remand for resentencing without consideration of the mandatory minimum sentence provided in section 7508.

Convictions affirmed. Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 4/14/2015

- 15 -